The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning, ladies and gentlemen. We have three cases on the calendar this morning. One from a district court, one from the patent office, and a veterans case. Only the district court case is being argued, and that is SRI International v. Cisco Systems. 2020-1685. Mr. Schrippenbach. Good morning, Your Honor. Thank you. I'm prepared to proceed. In my time this morning, I would like to touch on three points. The first is that the district court improperly reweighed the evidence on willfulness. Substantial evidence supports the willfulness verdict, and this is true even without assessing engineer testimony or the absence of opinions of counsel. This court in the Acumen case made that point explicitly that reweighing is not something the court can do. It's for the jury. The second point is the legal standard. Apparently, it seems Judge Andrews felt that this court had changed the legal standard for willfulness and enhanced damages in the first appeal. That isn't the case, and the legal standard remains the same, recklessness under HALO as it has been throughout the course of this case without challenge or argument by Cisco. And the third point I'd like to address toward the end if there's time is enhancement. The only basis on which this court vacated enhancement was because it had vacated willfulness. And if you restore willfulness, we believe enhancement is right for review. This is now the second appeal where enhancement has been fully briefed and before your honors. So on the reweighing point, we put this chart in our brief at page 30 listing the five factors that were in the jury instruction in this case on subjective willfulness and including recklessness and identifying the evidence on each of those factors as assessed by the district court itself. Again, I want to emphasize that I understand there's a dispute about whether the engineer testimony remains relevant or not, but that isn't essential to this appeal. Judge Andrews found the evidence on two of the factors at least arguably supported SRI, even without any engineer testimony, even without any debate about opinions of counsel, and that really should have been the end of the issue. Counsel, what do we do with the fact that arguably the jury instructions that Judge Andrews was looking at imposed a higher willfulness burden than perhaps HALO does? Well, so that question I think, Judge O'Malley, has been answered by the court in several cases, including Western GECO and WBIP in particular. And the conclusion is if willfulness was proved, and in particular if recklessness, subjective willfulness was proved under the clear and convincing evidence standard that applied under Seagate, it certainly satisfies the post-HALO standard of merely preponderance of the evidence. Both those cases say that. In fact, there's a host of Federal Circuit cases that say that. And of course HALO itself, I think one of the things that maybe got lost in the shuffle here, HALO itself, one of its fundamental points is that subjective willfulness alone is enough. HALO discusses subjective willfulness, it discusses recklessness, and says that is enough. And that's A, and B, you only have to prove it by a preponderance of the evidence. And so you have here one of really a fair number of cases where willfulness was proved under a much more difficult standard by a higher burden of proof. And that's all the more reason for this court to affirm on this record. I do want to just emphasize... This is just so. In this case, the jury found induced infringement, right? And that is not challenged on appeal. That combined with some other things might support your willful infringement argument or saying there's substantial evidence to support the jury verdict because inducement requires knowledge and patent and intent to induce. Do you agree with that? I do, yes, though we've never taken the position, and this was the subject of a little back and forth with Judge Andrews at the argument below, we're not taking the position that if you prove inducement, you therefore have proved subjective willfulness or recklessness under HALO. There may be a difference between the two. We're not saying that, you know, ergo if you have inducement, ergo you have subjective willfulness. Is it relevant? Absolutely. And, in fact, that's why, you know, in these cases when arguing willfulness, for example, to the jury below, I refer back to inducement because that is highly relevant. It goes to the mental state of, in this case, Cisco at the time that it acted. And much of the same evidence overlaps. And also from my perspective, right, from our perspective as a reviewing court, when we look at the induced infringement verdict, we have to know, we presume that the jury made certain fact findings, including the underlying fact findings that support induced infringement, right?  Inducement's never been challenged by Cisco on appeal to this court, and nor has the jury instruction actually ever been challenged on appeal by Cisco to this court, or actually, for that matter, even on remand to Judge Andrews. So let me pivot, if I can, to that point. Do you read echo brands, though, to say that inducement's always enough or simply what we just heard you say, which is it's a factor? I think it's a factor, to be honest. I'm not aware of a case from this court where the court has been required to analyze whether there's any daylight between an inducement finding on the one hand and a subjective willfulness finding on the other. And I'm not prepared to say it could never be the case that you could say somebody induced infringement yet wasn't reckless. So, you know, again, we're not making that legal argument. I don't think you have to make that legal argument or, excuse me, reach that conclusion to affirm here. And I don't... Mr. Hoppe, this is Judge Hoppe. I appreciate your answer. I wanted to just ask one question in that regard to have you think about it because it's related, which is, you know, we've got the Commel decision from the Supreme Court that says that, you know, whether the defendant's belief regarding patent validity is a defense to a claim of induced infringement, and the Supreme Court said it's not. But a defendant's belief regarding patent validity could be something that would support a jury verdict of no willful infringement. Isn't that right? Yeah, that's certainly true, yes. And on this record, of course, you do have... So you have both here. You have a situation where the jury found inducement, which means it necessarily found Cisco's infringement defenses to be meritless and, in fact, something Cisco never believed. And then on the validity side, that's an area where the record's particularly strong about how frivolous the defenses were. And, again, you have no evidence that anyone at Cisco ever believed any of the validity defenses that were proffered to the jury. If I could... Is it true that Judge Andrews found that the jury was entitled to find in favor of SRI on whether or not there was a reasonable basis to believe that there was a non-infringement, that Cisco didn't think it infringed or that it had a reasonable belief that the patent was invalid? Yes, I think it's very clear. Exactly, I think it's very clear that Judge Andrews said, Look, I'm going to throw out... I think I have to completely disregard the engineer testimony. I think I have to disregard whether Cisco got an opinion of counsel or not. What's left? He looked at what's left in his view and he said, Well, on two of the factors, it's arguable that they favored SRI. And that's the end of the story. Again, I recommend this Acumet case. It's in our papers. But this court said there may be... That was a case where the evidence went both ways. Some factors favored willfulness, some factors did not favor willfulness. The jury found willfulness. And this court said, That's for the jury. If it goes both ways, that's the end of the story. I think Judge Andrews, to be fair, felt that this court had changed the legal standard in some way in the last appeal. And maybe I'll, in the interest of time here, maybe end there. And, of course, that didn't happen, right? The legal standard in this case has never been an issue. It's never been appealed. The jury instruction's never been appealed. And if you look at, as I'm sure you have, what this court said in its prior opinion about the legal standard, it said, Halo. Halo's the standard. And, in fact, the court proceeded from the proposition that Halo, quotes Halo, to say that the type of conduct required has been variously described. And that's the point. It's been variously described. It could be willful. It could be wanton. It could be deliberate. But it could also be reckless. And so that is the standard that has applied. Mr. Schurkenbach, can I ask you one last question? Sure. What do you think willful means? I mean, you know, it's a legal concept. What does it mean? Does it mean that you know you're doing something wrong? What does it mean in your view? It certainly means that, Judge Stoll. But it also means that I guess I think conceptually it means at least two buckets of things. One is you've got the deliberate, intentional actor who knows what they're doing is wrong, infringes a patent without any defense, and they go ahead anyway. But the second bucket, and we think that applies here, but even if there's a disagreement on that, the second bucket is you should have known that what you were doing was plainly wrong because you put on frivolous defenses, because you never believed those defenses, because you over-litigated a weak case. That is this case, and this court's decisions interpreting HALO very clearly say that second flavor of willfulness is alive and well and is sufficient. Before you sit down, can I just ask you one question about the enhancement issue? You argue that if we were reverse on willfulness that we should just reinstate the enhancement award. My hesitation about that argument is even if we were to reverse on willfulness, we already took out a big chunk of the willfulness verdict the first time around. So in other words, it only covers a more limited period of time. Couldn't that go to the question of enhancement or even the dollar figure of the enhancement? The answer is, and this one I believe is my fault and I apologize for it, the answer is no because the only damages included in the damages base in this case and included in the enhancement in this case are post-notice damages. We made that point in our brief, our opening brief at 67. Our damages expert started his calculation with that May 2012 notice date, and so no. So there is nothing in the base here. There's nothing in the numbers that relies in any way on pre-notice damages, and this is an issue there's no dispute from by Cisco. Okay, why do you say that's your fault? Well, I feel like, let me put it this way. I intended to raise that in the prior appeal. It never got there, and, you know, I think it's... Okay, that's what I thought. I was going to say you didn't say that in the prior appeal. No. Okay. Right. Thank you, Mr. Schorkenberg. We've consumed some of your rebuttal time with questions, so we'll give you three minutes for rebuttal, and we'll hear from Mr. Danford now. May it please the Court. My name is Andrew Danford. I represent the cross-appellant Cisco. I would like to start with willfulness since that's where Mr. Schorkenberg spent most of his time, but I do want to be sure that we also spend some time to talk about enhancement separately because even if SRI were correct about willfulness, it wouldn't make a difference because the district court properly exercised its discretion to find that this case doesn't meet the HALO threshold for enhancement. But as for willfulness, this court remanded following the prior appeal so that the district court could decide whether there was substantial evidence of willfulness during the period after Cisco was on notice of SRI's patents. In doing so, the district court on remand was not writing on a clean slate. The court provided substantial guidance on what post-notice evidence counted as evidence of willfulness and what could not, and that actually, I think, resolves most of the issues that SRI has raised in this appeal. The only new issue that SRI is raising in this appeal is its argument that the jury could have found willfulness based upon the supposed weakness of Cisco's trial defenses. And that's not an argument that SRI made at trial or in its post-trial briefing, and it doesn't amount to... Mr. Danford, this is Judge Stoll. The jury was instructed on that. Isn't that correct? The jury was instructed, and the instructions were not objected to, to specifically consider whether or not there was a reasonable basis to believe that Cisco didn't infringe or had a reasonable defense to infringement that is validity. Why couldn't they consider that? They could, Your Honor, and that was part of the boilerplate instruction that was given, and we didn't object. So since we're looking at a jury verdict of willfulness, thinking about this after May 8, 2012, don't we have to presume that the jury found in SRI's favor on that finding? Yes, and that's what the district court did here. It did presume, and this is at APPX6, it says I have to presume that the jury could have found in SRI's favor on that third factor in the jury. So this waiver argument of yours doesn't make much sense to me. And this court doesn't need to reach the waiver argument to rule in our favor, and I think there are two reasons for that. Willfulness depends on the totality of the circumstances, and so whatever SRI is saying about the strength of Cisco's defenses now, it doesn't amount to substantial evidence of willfulness in the totality of the circumstances. Go ahead, Judge O'Malley. I was just going to say, the totality of the circumstances,  I mean, I think that my problem is that there are a lot of factors and the jury can weigh them and ultimately come to a conclusion. What's your response to your friend's argument on the other side, that really what Judge Anders did here was re-weigh the factors and not give the jury the opportunity to reach its own conclusion? Sure. Two responses to that. So this court in the Comark decision, this is cited by SRI and we respond to it in our red brief. The Comark decision says in evaluating substantial evidence of willfulness because of the totality of the circumstances test, the reviewing court has to look at the evidence on both sides of the issue. It's not a one-dimensional test. And the second thing here is that the district court did actually give SRI full credit for that argument with respect to the third factor in the jury instruction. He said, I have to presume that the jury could have found some evidence of that, but it's a multi-factor test and that alone doesn't add up to substantial evidence of willfulness and you have to consider all of the evidence in the record, which includes the evidence that Cisco did not copy. It includes evidence that Cisco engaged with SRI after learning about the patents, denied infringement, and presented defenses, and that's at APPX 20694. But he never actually says no reasonable jury could conclude that there was willfulness here. He just says that I look at all these factors and I weigh them myself, and that's not the right standard, is it? It would not be the right standard if he were actually re-weighing. What I take to be the sentence that you're referring to is the summation sentence that is included on APPX 7 where he says, so summing it up, here's what the record includes. There is some arguable basis with respect to two of the five factors, but there's evidence on the other side of this, and that arguable basis does not amount to substantial evidence of willfulness. And I think that that was an appropriate determination. But even so, it wouldn't matter because if you look at what the district court did here, what the district court did here was it concluded that there was not substantial evidence that Cisco's infringement was willful, wanton, malicious, and bad faith. Mr. Danford, this is Judge Stoll. So I was actually just about to ask you about that language, and combining that with an earlier footnote in the court's opinion, I think it's footnote one, I'm wondering whether you think that maybe Judge Andrews thought that we had changed the standard for willfulness in our last opinion. I think that Judge Andrews was struggling a little bit because this court's cases and HALO use different adjectives at different times. I think that the fundamental point that this court's cases make and that HALO makes is that what is required for willfulness is something that sets the case apart from an ordinary case of infringement. Knowledge of the patent and the fact of infringement alone is not enough to establish willfulness. And I don't take what this court said in its prior decision to be a change in the law in that regard. ECHO Brands even cites the SRI decision, and this court, even as recently as last month, has decisions like the Bayer v. Vaxalta case where SRI and ECHO Brands are cited together, and those two standards, I think, are getting at the same, or the language in those two cases are actually making the same point. But I think that all of that is beside the point when you get to enhanced damages, because SRI is not saying that the standard recited is the wrong standard for enhancement. And when the district court was explicit about the basis for its ruling, the basis for its ruling was that Cisco's infringement was not wanton, malicious, and bad faith. That's saying that the HALO threshold for enhancement is not met, and that is an issue within the district court's discretion. The district court is entitled on evaluating enhancement to reweigh the evidence. The district court is entitled to use its discretion. Wait, can I ask you, I have a question. You're saying the sentence that says there is no substantial evidence that Cisco's infringement was wanton, malicious, and bad faith, that that is going to enhancement and not the question of whether the jury was entitled to find willful infringement? So there are two sentences, and they're right next to each other. The sentence right before that says there is not substantial evidence of willful infringement. That's how he ends that sentence. And then he says it again to make his rationale clear. I think that willfulness and enhancement in this regard collapse in this case, at least given the way that Judge Andrews viewed it. And because he's actually applying a standard that nobody disputes is the appropriate standard for enhancement, and that is a discretionary determination that he is entitled to make. He's entitled to reweigh the evidence in making that discretionary determination, and there's no dispute about the standard. That really resolves it. He denied the motion for enhancement. He was clear about his reasons. We have some older precedent in this court that says when a district court judge denies enhancement, the judge has to explain the basis. When they deny enhancement following a jury verdict of willful infringement, that the district court judge has to provide some reasoning for why that decision is being made, because otherwise it's very hard for us to review it, because we review a decision on whether or not to enhance and the amount of enhancement for an abuse of discretion. I'm currently sitting here. I can't remember the name of the case, but I know we have a case that holds that. So what's your response to that? Because looking at this and tying these two sentences together, first of all, I'm not sure I agree with you that he addressed enhanced damages, other than to say because I'm not supporting the jury verdict of willfulness, I'm not awarding enhanced damages. But, you know, what is your response to that? Because I really can't tell what his reasoning was here. So I think that the reasoning is everything that he had explained on the prior pages, where he went through, reviewed the evidence and the trial record, and it's actually, I think, a more favorable analysis for SRI than he would need to make if he were just addressing enhancement on its own. He addressed it through the substantial evidence standard. If he were actually addressing enhancement on its own, that that wouldn't have been necessary, and he could have just used his discretion to say I don't think that's supported here. Mr. Danford, why don't you do a cross appeal? Yeah, so turning to that cross appeal, I think that this issue hinges on whether all of SRI's fees for the entire case were caused by SISCO's litigation conduct and defenses. And they were not, and it was an abuse of discretion for the district court on remand to award fees that SRI as a plaintiff would have incurred anyway. Isn't it kind of hard for us to say there is abuse of discretion when two different judges looked at the same conduct and both of them decided that a full award of fees was appropriate? I think that there are two things going on here. First, the original judge's decision was based in part on willfulness, and that's why that was vacated. And the second judge's decision was based on a determination that SISCO's entire case was weak, and that is not correct for at least three reasons. The first reason is that SISCO's position with respect to damages was not weak. SISCO forced SRI to abandon 4 1⁄2 years of pre-suit damages through its marking defense. But the exceptional case that you're raising on your cross appeal was based on litigation misconduct. That's correct, and litigation misconduct was cataloged by the district court. It was limited to specific acts and certain events, and it didn't relate at all to the damages issues. It doesn't relate at all to the Section 101 issue. And the third thing is it didn't relate at all. They got damages. They got a fee award from a period before the litigation even began, and those fees by definition could not have been caused by SISCO's litigation conduct and defenses. There wasn't even a case at that time. SRI's position ultimately comes down to the notion that SISCO should have settled the case before it even began. But no judge has ever made that determination, and it couldn't be made here given the overreaching and excessive positions that SRI was taking with respect to damages and infringement in this case, where it ultimately took a claim of damages to trial that was more than twice what it could prove, and it substantially narrowed the categories of products it accused of infringement 20 months into litigation. And it's punitive and not compensatory to make SISCO responsible for those fees. Unless there are any further questions on that, I'll reserve the remainder of my time for rebuttal. We will save three minutes for your rebuttal time on the cross-appeal. Mr. Schorkenbach. Thank you, Your Honor. The first point I'd like to make is to respond to the suggestion that Judge Andrews, in fact, addressed enhancements somehow on the merits. I don't think that's at all a reasonable characterization of his opinion or what he, in fact, did. The sentence SISCO fastens on is in the context of whether the willfulness verdict was supported or not. The judge concluded, in his view, after reweighing the evidence, he didn't think it was. And then he says, thus, I will deny the motion to amend the willfulness judgment and award enhanced damages. He simply didn't reach enhancement because he thought he didn't have to because of the willfulness determination. Enhancement was briefed at length below to Judge Andrews. The read factors were discussed at length to Judge Andrews. Judge Robinson, in finding that enhancement was warranted, went through the read factors in detail. The notion that an implication from one sentence in Judge Andrews' opinion somehow addressed all of that is, I think, not a reasonable one. On this issue of whether there was reweighing, counsel said, well, there is precedent suggesting that looking at all the evidence is fine and that's not reweighing. And we agree with that, but that, of course, isn't what happened here. The court reweighed. It didn't simply look at all the evidence and consider all of the evidence. Last, on fees, I do want to make the point that this whole apportionment argument that's now been raised on appeal is, to us, pretty clearly waived. Just to recount history for a second, in the first time around, in front of Judge Robinson, Cisco made an apportionment argument in its briefs below to Judge Robinson. Then they appeal to this court. They do not make that argument. They do not say anything at all about only some fees should be appropriate. That first appeared in a petition for rehearing, which they filed the first time around. That's waiver. That's a clear case of waiver. We shouldn't actually even be talking about it. The last point I would make is, even if you do want to talk about it, to pick up on Judge O'Malley's point, this is a case of pervasive misconduct. Judge Robinson clearly said all sorts of things implying that. Judge Andrews himself independently reviewed it. In fact, as we cite in the papers, Judge Andrews, in another case, characterized Cisco's behavior in this case as pervasive misconduct. That's sort of an overwhelming, I think, validation of an exercise of discretion at awarding fees. Unless the court has other questions, I'll stop there. Thank you, Mr. Schopenbach. Mr. Danford has three minutes, if you need it, on the cross-appeal. Thank you. Let me just start with the issue of pervasiveness, because I think there's some confusion about what pervasiveness means. Pervasiveness is just another way of saying that the misconduct caused all of the fees incurred by the other party. There's no pervasiveness exception to causation. There's no pervasiveness exception that permits punitive fee awards. That comes straight from Goodyear, and this court has adopted and applied the Goodyear standard in the context of 285 fees in the Rembrandt decision. Well, pervasiveness means misconduct throughout the case. Pervasiveness means misconduct throughout the case that caused all of the fees. This is out of the Goodyear decision. When you look at page 1188 in the Supreme Court's decision, it says the court only escapes the grind of segregating out the factors when the standard is met, that all of the fees were caused by the other party's misconduct. That has to be the guiding principle, and pervasive just means all of those fees were caused by the other party's misconduct. That can't be true here for the reasons I already addressed, the damages issue, the Section 101 issue, and the fees that were sought and awarded from before there was even a case filed. I do want to turn to the waiver point, too, before I sit down. We didn't waive this argument. This is the first time, the first time that SRI ever sought fees in the absence of willfulness and based solely on FISCA's litigation conduct and defenses was on remand here. We raised this issue. This is a new issue that's presented for the first time by this new basis for fees that SRI raised on remand, and it is totally appropriate for us to raise a response to an issue that's first presented in the context of this current motion that's on appeal. SRI has actually made the waiver argument. They made the waiver argument in opposition to FISCA's petition for panel rehearing, and again, before the district court. No one has ever found waiver, and there's no basis to find waiver now. I do also want to briefly address the appropriate remedy on attorney's fees. SRI made the strategic choice on remand not to seek anything less than its full fees for the entire case. That amount of fees is not permissible because FISCA's litigation conduct and defenses did not cause SRI to incur all of those fees, and because SRI has not demonstrated its entitlement to any lesser amount, FISCA respects the request of the court to reverse the award of fees without a remand. SRI should not be allowed to try and try again until it proposes an amount of fees that's actually legally permissible and supported on this record, but we do think at the very least that vacature and remand is warranted here with respect to the attorney's fees issue since the full award of fees for the entire case clearly includes amounts that SRI as a plaintiff would have incurred anyway, regardless of the litigation conduct and defenses that are the basis for the fee award. Thank you. Thank you, Mr. Danford. We appreciate the arguments of both counsel and will take the case under submission. Thank you, Your Honor. The Honorable Court is adjourned until this morning at 11 a.m.